Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10145 | **DATE** | 2/21/2013 |
| **CASE TITLE** | Catherine Brown vs. Commissioner of Social Security | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's amended motion for leave to proceed in forma pauperis [8] is granted and Plaintiff's request for attorney assistance is denied. Defendant having filed an answer, and pursuant to Local Rule 16.4, Plaintiff is given until 04/22/13 to file a brief in support of reversing or remanding the decision subject to review and Defendant is given 45 days thereafter to file his motion to affirm the decision and his brief in support. Plaintiff is given 14 days thereafter to file a reply brief. Status hearing set for 08/20/13 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Catherine Brown's (Brown) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Brown indicates on her *in forma pauperis* application form that her sole income is $698 per month in social security payments and that she has two dependent children. Therefore, Brown's motion for leave to proceed *in forma pauperis* is granted.

Brown also seeks an appointment of counsel. Pursuant to the Seventh Circuit's ruling in *Ray v. Wexford Health Sources, Inc.*, 2013 WL 452769 (7th Cir. 2013), the term "appointment" is imprecise as there is no statutory authority to "appoint" counsel. Therefore, the motion will be construed as a motion for attorney assistance. *See also, e.g., Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007). An indigent civil litigant does not have a right to the assistance of counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can request that counsel voluntarily assist indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to request the voluntary assistance of counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the

| STATEMENT |
|---|

plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for attorney assistance, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse," and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Brown has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Brown's ability to coherently present her case as a layperson and her ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Brown is competent to present her case at this juncture without the assistance of counsel. Therefore, the motion for attorney assistance is denied.